UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CARRIE COOPER, Plaintiff,

v. Civil Action No. 3:19-cv-66-DJH

AT&T MOBILITY LLC, Defendant.

* * * * *

# **ORDER**

Defendant AT&T Mobility Services LLC[1] removed this action from Jefferson County Circuit Court, invoking the Court's diversity jurisdiction. (Docket No. 1) AT&T then moved to compel arbitration of Plaintiff Carrie Cooper's claims. (D.N. 5) Cooper in turn filed a motion to remand this case claiming that the amount in controversy is less than $75,000. (D.N. 6) Cooper also moved the Court to "stay the briefing and ruling" on AT&T's motion to compel arbitration because "[t]he motion to remand will likely be granted." (D.N. 10) Cooper has not filed a response to AT&T's motion to compel arbitration. The Court will first address Cooper's motion to remand as it questions whether the Court has subject-matter jurisdiction over this case. *See Stephens v. Charter Commc'ns Holdings*, LLC, No. 3:17-CV-00354-JHM, 2017 WL 4273307, at *1 (W.D. Ky. Sept. 26, 2017) (ruling on the motion to remand before considering the motion to compel arbitration); *Nichols v. Vesta Fire Ins. Corp.*, 56 F. Supp. 2d 778, 779 (E.D. Ky. 1999) ("Before reaching the merits of defendant's motion to compel arbitration, the Court must first determine whether it is proper to exercise jurisdiction over this action.").

[1] Cooper incorrectly named "AT&T Mobility LLC" as the defendant in her complaint. (*See* D.N. 5-1, PageID # 35) The Court will therefore refer to the defendant by the correct name, "AT&T Mobility Services LLC." AT&T is encouraged to have the docket corrected to reflect the appropriate name.

**I. Motion to Remand**

Cooper argues that the Court must remand this case because the amount in controversy does not exceed $75,000. (D.N. 6) She supports this allegation with a stipulation that the amount in controversy "asserted in this case is less than seventy-five thousand dollars," and that she "will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars." (D.N. 6-1) The stipulation is dated February 6, 2019, which is after the date AT&T removed this case. (*Id.*)

The Sixth Circuit held in *Rogers v. Wal-Mart Stores, Inc.* that "a post-removal stipulation reducing the amount in controversy below the jurisdictional limit does not require remand to state court." 230 F.3d 868, 872 (6th Cir. 2000). Although this Court and others have at times recognized an exception to the *Rogers* rule for a plaintiff who makes an "unequivocal" post-removal stipulation "provid[ing] specific information about the amount in controversy for the first time," *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002), that exception is neither consistent with *Rogers* nor binding here. *See Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 428 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court."). The Court thus declines to consider Cooper's stipulation. *See Welther v. Jim Beam Brands Co.*, No. 3:18-cv-436-DJH (W.D. Ky. Oct. 19, 2018), ECF No. 10; *Berry v. AT&T Corp.*, No. 3:18-cv-110-DJH-RSE (W.D. Ky. July 31, 2018), ECF No. 10; *McKinney v. Dollar Gen. Corp.*, No. 3:18-cv-221-DJH-CHL (W.D. Ky. July 31, 2018), ECF No. 13; *Thompson v. Speedway, LLC*, No. 3:17-cv-00568-DJH-CHL (W.D. Ky. July 27, 2018), ECF No. 11.

The Court still must find, by a preponderance of the evidence, that the amount-in-controversy requirement is met in this case. *See Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, 135 S. Ct. 547, 553–54 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). While AT&T was required to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in its notice of removal, "when the plaintiff contests, or the court questions," the amount, "[e]vidence establishing the amount is required by § 1446(c)(2)(B)." *Id.* at 554. AT&T provided an affidavit from Deirdre Scott, who attested that Cooper's base salary at the time of her termination was $83,834.57. (D.N. 1-2, PageID # 11–12) Moreover, the Kentucky Civil Rights Act allows for Cooper to potentially recover not only her lost salary, but her attorney fees for this lawsuit as well. *See* Ky. Rev. Stat. § 344.450.

In light of these figures, the Court finds that it is more likely than not that the amount-in-controversy requirement is met in this case. *See Dart Cherokee Basin*, 135 S. Ct. at 553–54. As for diversity, both the complaint and the notice of removal confirm that the parties are completely diverse. (*See* D.N. 1; D.N. 7) AT&T is a limited liability company whose members are citizens of Georgia, Delaware, Texas, Illinois, New York, and New Jersey. (D.N. 1, PageID # 5–6) *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Cooper is a citizen of Kentucky. (D.N. 1-3, PageID # 16) The Court will therefore deny Cooper's motion to remand (D.N. 6).

**II. Motion to Stay and Motion to Compel Arbitration**

Cooper has also moved the Court to stay its decision on the motion to compel arbitration pending resolution of the motion to remand. (D.N. 10) As the Court will deny the motion to remand, the motion to stay will be denied as moot. Cooper filed the motion to stay instead of a filing a response to the motion to compel arbitration. While the Court may deem the motion to compel arbitration unopposed for this reason, it is preferable to have issues decided on their merits. *See Bouyer v. Simon*, 22 F. App'x 611 (6th Cir. 2001) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir.1991)) ("We prefer that claims be adjudicated on their merits."). The Court will therefore allow Cooper a reasonable extension of time in order to file her response to AT&T's motion to compel. *See Current v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. CIV A 3:08CV-324-S, 2009 WL 530766, at *4 (W.D. Ky. Mar. 3, 2009) (permitting the plaintiff to file a response to the defendant's motion to compel arbitration where he had filed a motion to stay within the response timeframe).

**III. Request for Fees and Costs**

Finally, as part of its response to Cooper's motion to remand, AT&T requested "an award of its reasonable attorneys' fees in responding to Ms. Cooper's Motion to Remand." (D.N. 11, PageID # 137) AT&T argues that it deserves fees and costs because Cooper's attorney has previously attempted to remand several cases before this Court using post-removal stipulations; therefore, he was aware that the Court does not routinely consider these stipulations. (D.N. 11, PageID # 144)

Absent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays its own attorney fees and costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263–64 (1975); *Children's Ctr. for Developmental Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010); *Shimman v. Int'l Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984). However, federal courts may award costs and fees where an attorney has "unreasonably and vexatiously" multiplied the proceedings in a case. 28 U.S.C. § 1927. An "unreasonable and vexatious multiplication" occurs only where an attorney knows or reasonably should know that a claim is frivolous. *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

To warrant sanctions under § 1927, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987); *see also Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007). Mere inadvertence or negligence by the attorney is insufficient. *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 531 (6th Cir. 2006) (citing *Ruben*, 825 F.2d at 984). "Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). An attorney may also be sanctionable "without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)).

In this case, Cooper's attorney was on notice that this Court does not consider post-removal stipulations. *See Welther*, No. 3:18-cv-436-DJH (W.D. Ky. Oct. 19, 2018), ECF No. 10; *Berry*, No. 3:18-cv-110-DJH-RSE (W.D. Ky. July 31, 2018), ECF No. 10; *Thompson*, No. 3:17-cv-00568-DJH-CHL (W.D. Ky. July 27, 2018), ECF No. 11. Cooper's counsel was plaintiff's counsel in all three cases and was thus well aware that these stipulations are generally ineffective. Three previous rulings on the use of post-removal stipulations are more than enough for counsel to be aware of the Court's typical treatment of such stipulations. *Cf. Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 473 (S.D.N.Y. 2001), *aff'd* 63 F. App'x 548 (2d Cir. 2003) (finding

Section 1927 sanctions appropriate where counsel "engaged in a pattern of litigation designed to evade previous rulings").

By filing this motion to remand premised on an ineffective post-removal stipulation, the proceedings in this case have been "needlessly multipl[ied]." *Sater*, 465 F.3d at 646. While the Court views the persistent efforts to seek remand in the face of prior rulings as contumacious, the Court will, in its discretion, decline to sanction counsel on this occasion.

## IV. Conclusion

Based on the discussion above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Cooper's motion to remand (D.N. 6) is **DENIED**.

(2) Cooper's motion to stay (D.N. 10) is **DENIED** as moot. Cooper **SHALL** file her response to AT&T's motion to compel arbitration (D.N. 5) within **twenty-one (21) days** of entry of this order. AT&T **SHALL** reply within **ten (10) days** thereafter. Based on the briefing schedule, the motion to compel arbitration (D.N. 5) is **ADMINISTRATIVELY REMANDED** pending consideration of the briefing in this case.

(3) AT&T's request for fees (*see* D.N. 11) is **DENIED**.

August 22, 2019

**David J. Hale, Judge**
**United States District Court**